[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2011
JOHN LEY
CLERK

No. 10-14408
Non-Argument Calendar

_____

Agency No. A094-825-729


DOROTEO PORTILLO,
a.k.a. Doroteo Portillo Santos,

Petitioner,


versus


U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 22, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Doroteo Portillo petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of his applications for withholding of removal and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Portillo, a native and citizen of El Salvador, entered the United States in December 1984, as an alien who had neither been admitted nor paroled. An IJ found Portillo removable as charged, denying his request for withholding of removal and CAT protection. The BIA affirmed the IJ's decision, finding that there was no established nexus between Portillo's past experiences and a protected ground, because his experiences in the military did not constitute harm on account of a protected ground. Additionally, the BIA concluded that Portillo was able to avoid further contact with the guerillas who went to his house twice by living elsewhere in El Salvador, and that his fear of persecution was reduced because his family resided there unharmed. With respect to his application for CAT relief, the BIA found that Portillo failed to establish that it was more likely than not that he would be tortured by or with the acquiescence of the government, and thus, was not eligible for CAT relief, and denied the petition.

On appeal, Portillo argues that the denial of his application for withholding of removal was erroneous based upon the evidence presented, because the nexus

between his political opinion and persecution by gangs was not properly considered, given that while he served in the military he made his political opinions known. Alternatively, Portillo argues that former Salvadoran military veterans facing persecution by gangs is a social group deserving of protection because they possess a shared past. Portillo contends that the denial of his application for CAT relief was erroneously denied based upon the evidence of his cousin's death and the two instances when guerillas came to his home. Lastly, Portillo argues that because he lacked effective assistance of counsel, he should be permitted to argue that he had the requisite ten year physical presence for application of cancellation of removal and that the late filing of his asylum application should be excused as a result of extraordinary circumstances.

## I.

In a case where the BIA issues its own opinion, we review the BIA's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's factual findings to determine whether they are supported by substantial evidence. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). Under the substantial evidence standard, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. *Id*. at 1027.

3

To qualify for withholding of removal, an applicant must establish that if returned to his country, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The burden of proof is on the applicant. INA § 241(b)(3)(C), 8 U.S.C. § 1231(b)(3)(C). An alien may satisfy his burden of proof for withholding of removal in two ways. First, an alien may establish past persecution based on a protected ground. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006). If the applicant establishes past persecution based at least in part on an enumerated ground, it is presumed that his life or freedom would be threatened upon return to that country, unless the government shows by a preponderance of the evidence that (1) the country's conditions have changed such that the applicant's life or freedom no longer would be threatened; or (2) it would be reasonable for the applicant to relocate to another part of the country. *Id*. Second, an alien may establish that it is more likely than not that he will be persecuted upon removal based on a protected ground. *Id.*

An alien must also establish a "nexus" between the feared persecution and a statutorily protected ground. *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004). An alien cannot show that it is more likely than not that he will be persecuted if the agency finds the alien could avoid future threats by safely

relocating to another part of his country. *Tan*, 446 F.3d at 1375 (citing *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003)). We have emphasized that the "particular social group" language within the INA's list of protected grounds should not serve as a "catch all" for all persons alleging persecution who do not fit elsewhere. *Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1197-98 (11th Cir. 2006). A group may qualify as a particular social group only if it has both immutability and social visibility, while also accounting for numerosity concerns. *See id.* at 1194-97.

We have held that persecution requires "more than a few isolated incidents of verbal harassment or intimidation," and that "mere harassment does not amount to persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005). Dangers faced in the performance of military duties, as a result of that status alone, do not constitute harm or threat of harm on account of a protected ground, because such dangers are perils arising from the nature of the alien's employment rather than on account of immutable characteristics. *See Matter of Fuentes*, 19 I&N Dec. 658, 661-62 (BIA 1988). Any claim of future persecution is further diminished when the alien's family continues to reside in the native country without incident. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258-59 (11th Cir. 2006).

We lack jurisdiction to consider claims not raised before the BIA. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006); *see* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). Therefore, we lack jurisdiction to consider Portillo's claims pertaining to ineffective assistance of counsel, as he failed to raise these issues before the BIA. In failing to present those claims to the BIA, Portillo did not exhaust his administrative remedies, and as a result, we cannot consider those arguments. *See* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1) (prohibiting review of unexhausted claims); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that we lack jurisdiction to consider claims not raised before the BIA). Portillo has failed to exhaust any argument relating to persecution based upon his political opinion, because he failed to present this argument to the BIA or identify his specific political opinion. *See Amaya-Artunduaga*, 463 F.3 at 1250.

With respect to Portillo's claim based upon membership in a particular social group as a former member of the military, there is substantial evidence to support the BIA's finding that Portillo did not suffer past persecution. The BIA correctly determined that the proposed social group of former Salvadoran military members was too broad, because protection is not afforded to those exposed to risks normally associated with employment in occupations such as the military.

*See Matter of Fuentes*, 19 I&N Dec. at 662. Additionally, the proposed social group would serve as a catch-all for every former military member who did not fall within one of the five protected groups, creating numerosity concerns, and thus, it is too broad. *Castillo-Arias*, 446 F.3d at 1197-98.

As the BIA correctly found, Portillo failed to establish past persecution, because the two instances when guerillas came to speak with him did not rise to the level of persecution. Persecution requires more than a few isolated incidents of verbal harassment or intimidation. *Sepulveda*, 401 F.3d at 1230. Moreover, Portillo's testimony and multiple return trips for extended periods of time without further harassment demonstrates his ability to live elsewhere in El Salvador, and thus he cannot demonstrate that he would be persecuted on a protected ground. *See Tan*, 446 F.3d at 135.

Substantial evidence also supports the BIA's finding that Portillo did not have a well-founded fear of future persecution. Portillo returned to El Salvador on numerous occasions without receiving threats from guerillas or gangs. Because the record does not compel a finding that Portillo suffered past persecution or has a well-founded fear of persecution, the BIA properly denied his claim for withholding of removal.

II.

To be eligible for relief under the CAT, the applicant must establish that it is more likely than not that he would be tortured if removed to the proposed country of removal. *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1239 (11th Cir. 2007). The regulations plainly require that such torture be "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.*; 8 C.F.R. § 208.18(a)(1).

There is substantial evidence in the record to support the BIA's determination that Portillo did not suffer harm amounting to past persecution based on the guerillas visiting his home, or possess a well-founded fear of future persecution, as discussed above. Further, Portillo did not offer any evidence indicating that he would be tortured by, at the instigation of, or with the acquiescence of the government or a public official. *Sanchez Jimenez*, 492 F.3d at 1239. Therefore, Portillo has failed to establish that it is more likely than not that he would be tortured if removed to El Salvador. *Id*. Therefore, the BIA did not err in denying Portillo CAT relief. Accordingly, we deny Portillo's petition for review.

**PETITION DENIED IN PART, DISMISSED IN PART.**